# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

ANTHONY JEROME FITZGERALD                                              PETITIONER
ADC #106273

VS.                         4:20-CV-00205-JM-JTR

DEXTER PAYNE, Director,
Arkansas Division of Correction,
Arkansas Department of Correction[1]                                   RESPONDENT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

---

[1] Fitzgerald identifies the "State of Arkansas" as the Respondent. Because Fitzgerald's Petition seeks habeas relief, the correct respondent is "the person who has custody over [the petitioner]." 28 U.S.C. § 2254 Rule 2(a). The Clerk is directed to update the docket to reflect that Respondent is Dexter Payne, Director of the Arkansas Department of Correction's Division of Correction. *See* Ark. Code Ann. § 12-27-101 (eff. July 1, 2019) (establishing a Division of Correction to provide for the custody of adult offenders). Payne is automatically substituted as the Respondent pursuant to Fed. R. Civ. P. 25(d).

## I. Introduction

On September 21, 2006, a Jefferson County jury convicted Anthony Fitzgerald ("Fitzgerald") of first-degree murder. *State v. Fitzgerald*, Jefferson County Cir. Ct. Case No. 35CR-06-272 ("*Fitzgerald I*"). He was sentenced to 729 months in the Arkansas Department of Correction. *Id.*

Fitzgerald appealed to the Arkansas Court of Appeals, which affirmed his conviction on September 19, 2007. *Fitzgerald I*, Ark. Ct. App. No. CR-07-8. Fitzgerald did not seek Rule 37 relief in state court.

Over four years later, on October 4, 2011, Fitzgerald filed an untimely 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus in the Eastern District of Arkansas. *Fitzgerald v. Hobbs*, Case No. 5:11-cv-00262-JLH-JTR ("*Fitzgerald II*"), *at doc. 2*. Fitzgerald claimed he was actually innocent and that his lawyer was constitutionally ineffective for "exclud[ing] evidence of 911 tape recordings that would have exonerated Petitioner." *Id. at doc. 2, p. 3*.

On February 14, 2013, I entered a Recommended Disposition suggesting that Fitzgerald's habeas Petition be dismissed, with prejudice, because it was not filed within the applicable one year statute of limitations. *See* 28 U.S.C. § 2244(d); *Fitzgerald II at doc. 19, pp. 6-7*.

On June 26, 2013, United States District Judge J. Leon Holmes adopted the Recommended Disposition and Fitzgerald's habeas Petition was dismissed, with prejudice. *Id. at docs. 26 and 27*.

On July 26, 2013, Fitzgerald appealed to the Court of Appeals for the Eighth Circuit. *Id. at doc. 28*. On November 26, 2013, the Court denied Fitzgerald's application for certificate of appealability and dismissed his appeal. *Id. at doc. 32*.

On January 25, 2019, Fitzgerald returned to state court and filed a *pro se* motion seeking copies and an evidentiary hearing in *Fitzgerald I*. *Fitzgerald I*, Ark. Ct. App. No. CR-07-8. On May 30, 2019, the Arkansas Supreme Court denied Fitzgerald's motion. *Id.* (accessible at https://caseinfo.arcourts.gov/cconnect).

On February 26, 2020, Fitzgerald commenced this action by filing a "Motion for Leave to Proceed *In Forma Pauperis*" and a "Petition for Federal Removal" of *Fitzgerald I* to federal court under 28 U.S.C. § 1443. Fitzgerald contends his "right to be free from an unlawful conviction" is being violated because Arkansas courts will not hear his "claim of actual innocence based on exculpatory 911 evidence[.]" *Doc. 2 at 5*.

Fitzgerald also alleges the "State courts, the prosecutor, and all of the justices of both the Arkansas Supreme Court and the Court of Appeals are a white committee for purpose of this action" who have consistently denied his requests for relief because he is "an African American male." *Doc. 2 at 7*.

For the reasons explained below, the Court recommends that this case be dismissed, without prejudice, because it is a second and successive habeas action.

## II. Discussion

As part of the initial review process, this Court is required to summarily dismiss any § 2254 habeas Petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4, Rules Governing § 2254 Cases in United States District Courts; § 2254 Rule 1(b); 28 U.S.C. § 2243. As part of this initial review, the Court is also obligated to decide whether it has subject matter jurisdiction. *See Northport Health Servs. v. Rutherford*, 605 F.3d 483, 490 (8th Cir. 2010) ("federal courts are obligated to consider lack of subject matter jurisdiction *sua sponte*").

Elevating substance over form, Fitzgerald's erroneously captioned "Petition for Federal Removal" is a second and successive habeas action which *once again* claims he is actually innocent of his first-degree murder conviction. Fitzgerald's ability to pursue such a second or successive § 2254 habeas action is narrowly proscribed by 28 U.S.C. § 2244.

First, 28 U.S.C. § 2244(b)(1) prohibits Fitzgerald from raising and pursuing any habeas claim that he previously raised in *Fitzgerald II*. Second, any new claim not previously presented must be dismissed "unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of

4

actual innocence." 28 U.S.C. § 2244(b)(2). Finally, *before* filing a second or successive application in the district court, the applicant must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3).

Fitzgerald previously presented his claim of actual innocence in *Fitzgerald II*, where he argued that he could establish his innocence if he could obtain the 911 recordings and impeach the credibility of witnesses who allegedly perjured themselves at trial. In *Fitzgerald II*, I explained that, because those recordings were available and considered during the trial, they did *not* constitute "new reliable evidence" sufficient to establish his actual innocence and save his untimely habeas claims. *Fitzgerald II at doc. 19, pp. 6-7*; *see* 28 U.S.C. § 2244(b)(1). Fitzgerald's new habeas claim, alleging that the trial court judge, prosecutor, and all of the judges on the Arkansas Court of Appeals and Supreme Court have rejected his state court claims and conspired to affirm his conviction because he is "an African American male," does *not* rely on "either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence." *See* § 2244(b)(2). Accordingly, both of the habeas claims Fitzgerald is attempting to assert in this action are barred by 28 U.S.C. § 2244(b)(1) and (2).

Finally, apart from both of Fitzgerald's habeas claims being barred, as a matter of law, his habeas Petition constitutes a second and successive § 2254 habeas action,

5

which he can only pursue after first obtaining permission from the Eighth Circuit. *Burton v. Stewart*, 549 U.S. 147, 152-53, 157 (2007) (absent prior authorization, this district court lacks subject matter jurisdiction to entertain a "second or successive" § 2254 habeas petition).

Fitzgerald's attempt to invoke 28 U.S.C. § 1443 is futile and does not allow him to bypass the requirements of §2244(b)(3).[2] "It is well-established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 . . . action by purporting to invoke some other procedure." *United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005) (citations omitted). "Likewise, the certificate requirement under 28 U.S.C. § 2253(c)(1) may not be circumvented through creative pleading." *Id*. Finally, all of the associated statutory requirements of § 2254 apply no matter what label a petitioner gives to his action. *See Felker v. Turpin*, 518 U.S. 651, 662 (1996); *Crouch v. Norris*, 251 F.3d 720 (8th Cir. 2001) (state inmates can only obtain relief pursuant to 28 U.S.C. § 2254).

---

[2] 28 U.S.C. § 1443 allows a defendant to remove a criminal case or a civil rights case to federal court *while the case is pending*. *See* 28 U.S.C. § 1455(b)(1) (notice of removal of criminal prosecution must be filed not later than 30 days after arraignment in state court). Fitzgerald is not a defendant in a pending prosecution, and there is no pending state court litigation to remove to federal court. His state criminal case concluded more than twelve years ago. Likewise, his recent effort to obtain the 911 recordings in state court has also concluded. Clearly, 28 U.S.C. § 1443 is not the correct procedural vehicle for the claim he asserts. *Easley v. State of Tex.*, 19 F.3d 16 (5th Cir. 1994).

6

If Fitzgerald wishes to pursue this second and successive habeas action, he must first seek and obtain permission from the Eighth Circuit. *See* 28 U.S.C. § 2244(b)(3). Until Fitzgerald is successful in obtaining that permission, this Court lacks subject matter jurisdiction over this action.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. This § 2254 habeas action, which Fitzgerald has mischaracterized as a "Petition for Federal Removal," (*Doc. 2*) be DISMISSED, without prejudice.

2. A Certificate of Appealability be DENIED. *See* 28 U.S.C. § 2253(c)(1)-(2); Rule 11(a), Rules Governing § 2254 Cases in United States District Courts.

DATED this 23rd day of April, 2020.

_____
UNITED STATES MAGISTRATE JUDGE